IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CAMPANINI, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STUDSVIK, INC., | : | No. 08-5910 |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                                                                                                    April 6, 2009

      Before the parties get to the core of the matter, this Court must decide whether the Volunteer State or the Keystone State is the appropriate forum for this dispute. Although Plaintiff Joseph Campanini, a Pennsylvania citizen, filed his contract case in this District, Defendant Studsvik, Inc. contends that a forum selection clause in one of the parties' agreements requires this Court to either dismiss the case for improper venue or, in the alternative, transfer it to Tennessee. The forum selection clause is only a piece of the venue puzzle but it is an important one. The Court will therefore transfer this action to the Eastern District of Tennessee, Northern Division, in Knoxville.

**I.     BACKGROUND**

      On or about February 6, 2002, Campanini entered into a Sales Consulting Agreement with RACE – Radiological Assistance Consulting and Engineering, LLC. (*Id*. ¶ 6.) Campanini's job entailed selling dry radioactive waste processing services provided by RACE. (*Id*.) The agreement was to "be construed and interpreted in accordance with the laws of the state of Tennessee." (Pl.'s Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, to Transfer Venue [Pl.'s Opp'n] Ex. A [Sales Consulting Agreement] ¶ 15.) Furthermore, the parties agreed that they:

irrevocably attorn to the jurisdiction of the courts of the state of Tennessee with respect to any matters arising out of this Agreement. Each party irrevocably submits to the non-exclusive jurisdiction of any court sitting in the state of Tennessee over any suit, action, or proceeding arising out of or relating to this Agreement.

(*Id.*)

Campanini, who was paid by commission, sold RACE's nuclear waste removal and disposal services to Connecticut Yankee Nuclear Power Plant ("CY") for $20,000,000. (Compl. ¶¶ 7-9.) Although CY paid in full for the services Campanini sold to it, RACE failed to fully compensate him. (*Id.* ¶¶ 10-12.)

Studsvik, a company that develops and markets products and services for customers dealing with environmental, safety, and quality problems in connection with the disposal of nuclear waste, acquired RACE in April of 2006 and assumed RACE's obligations to pay Campanini's commissions. (*Id.* ¶¶ 1, 5, 13.) Campanini signed an Employment Agreement with Studsvik, effective August 1, 2006, under which Campanini acted as a Regional Account Manager. (*Id.* ¶ 15.) The Employment Agreement include a choice of forum clause that read:

> The construction and interpretation of this Agreement shall at all times and in all respects be governed by the laws of the State of Tennessee without regard to the state's laws regarding the conflict of law. The parties agree that venue shall be any court of competent jurisdiction in Knoxville, TN. For all purposes of this Agreement, Employee and Studsvik hereby further agree that service of process upon Employee and Studsvik may be affected pursuant to United States mail.

(Def.'s Mot. to Dismiss, or, in the Alternative, to Transfer Venue [Def.'s Mot.] Ex. A [Employment Agreement] at 7.)

Under the Employment Agreement, Studsvik paid Campanini a base salary and a commission based upon Studsvik's commission structure. (Compl. ¶ 16.) In February of 2008, Studsvik altered the commission structure, substantially increasing the commissions that Campanini could earn. (*Id.*

¶¶ 18-19.) Initially, the new commission structure was to be effective retroactively to January 1, 2008, but Studsvik later determined that it would not take effect until May of 2008. (*Id.* ¶ 22.) This deprived Campanini of approximately $84,000 in commissions. (*Id.* ¶ 24.) In November of 2008, Studsvik terminated Campanini; at the time he was let go, Studsvik owed him $34,028.97 in commissions related to Studsvik's services on the St. Lucie Steam Generator Project. (*Id.* ¶¶ 25-26.)

On December 22, 2008, Campanini filed a four-count Complaint against Studsvik alleging: (1) Studsvik breached the Sales Consulting Agreement, by failing to pay him his full commission on the CY deal; (2) Studsvik breached the Employment Agreement, by unilaterally altering the commission structure and refusing to pay him the agreed commission; (3) Studsvik breached the Employment Agreement, by failing to pay him commissions on the St. Lucie Steam Generator Project; and (4) Studsvik's actions violated the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 PA. CONS. STAT. § 260.1, et. seq.

## II. STANDARD OF REVIEW

Because the Complaint does not assert a federal question, 28 U.S.C. § 1391(a) governs the issue of venue. That statute reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

A corporation resides in any district in which it is subject to personal jurisdiction. 28 U.S.C. §

3

1391(c).

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to bring a motion to dismiss for improper venue. FED. R. CIV. P. 12(b)(3). The court must generally accept as true the allegations in the complaint, unless they are contradicted by defendant's affidavits. *Holiday v. Bally's Park Place, Inc.*, Civ. A. No. 06-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007). "The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor." *Fellner v. Phila. Toboggan Coasters, Inc.*, Civ. A. No. 05-2052, 2005 WL 2660351, at *1 (E.D. Pa. Oct.18, 2005).

In addition to their motion to dismiss, Defendants alternatively request a change of venue, which is governed by 28 U.S.C. § 1404. In relevant part, that statute directs that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The decision of whether to grant a transfer under § 1404(a) lies within the discretion of the trial court. *Wilce v. Gen. Motors Corp.*, Civ. A. No. 96-6194, 1996 WL 724936, at *1 (E.D. Pa. Dec. 13, 1996). The trial court possesses considerable discretion. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973); *see also Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The defendant, as the moving party, bears the burden of proving that venue is proper in the transferee district and that a transfer is appropriate. *Myers v. Am. Dental Assocs.*, 695 F.2d 716, 724-25 (3d Cir. 1982); *Idasetima v. Wabash Metal Prods., Inc.*, Civ. A. No. 01-0197, 2001 WL 1526270, at *1 (E.D. Pa. Nov. 29, 2001); *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000). However, the presence of a valid forum selection clause, which requires that there had been no fraud, influence, or overweening bargaining power, shifts to the party seeking to avoid the forum selection

4

clause "the burden of demonstrating why they should not be bound by their contractual choice of forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995) (internal quotation omitted). Although the presence of a valid forum selection clause is entitled to considerable weight, this Court must still consider the familiar *Jumara* factors that govern whether transfer under § 1404 is appropriate. *See id*.

## III. DISCUSSION

Studsvik seeks to dismiss Campanini's Complaint for improper venue or, in the alternative, to transfer the case to another federal forum because the Employment Agreement contains a forum selection clause requiring the parties to litigate in Tennessee. Campanini contends that venue is proper in this District and that the forum selection clause should not be enforced. While the Court agrees that this District is a proper forum, Campanini has failed to convince this Court that the forum selection clause is invalid.

### A. Venue is Proper in this District

Although Defendant's motion is styled as a 12(b)(3) motion to dismiss for improper venue, such a designation is incorrect. In a diversity case, whether venue is proper rests on the federal venue statute, not the existence of a forum selection clause. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29 n.8 (1988); *see also Jumara*, 55 F.3d at 877-78. Under the relevant venue statute, and accepting as true Plaintiff's allegations that Defendant is engaged in business in this District and a substantial portion of the events giving rise to Campanini's claims occurred in this District, the Eastern District of Pennsylvania is a proper venue. However, while a 12(b)(3) motion may be inappropriate here, "a 12(b)(6) dismissal is a permissible means of enforcing a forum

5

selection clause that allows suit to be filed in another federal forum." *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001).

    **B.**    **Validity of the Forum Selection Clause**

        *1.*    *The forum selection clause is mandatory*

When a case is in federal court based on diversity jurisdiction, federal law determines the validity of a forum selection clause. *Jumara*, 55 F.3d at 877 (holding that validity of choice of forum clauses are procedural, not substantive in nature, thus federal law applies in diversity cases).

Forum selection clauses can be mandatory or permissive. 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 111.13 (3d ed. 1997). A mandatory forum selection clause clearly indicates that venue is proper only in the selected forum, while a permissive forum selection clause merely authorizes venue in the selected forum. *See K & V Scientific Co. v. BMW*, 314 F.3d 494, 498 (10th Cir. 1992). Courts afford less weight to permissive forum selection clauses because they do not exclusively limit where a dispute can be litigated. *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 245-46 (E.D. Pa. 2007).

Although the Employment Agreement's forum selection clause permits litigation in either federal or state court in Tennessee, the clause is mandatory. The fact that the clause permits litigation in more than one court does not render the it permissive. *See, e.g.*, *Feldman*, 513 F. Supp. 2d at 246 (forum selection clause that required disputes to be adjudicated in Santa Clara, California held mandatory though it allowed cases to be brought in federal or state court); *Suhre Assocs., Inc. v. Interroll Corp.*, Civ. A. No. 05-4332, 2006 WL 231675, at *2 (D.N.J. Jan. 31, 2006) (holding forum selection clause mandatory though contract allowed for litigation to be instituted in state or federal court).

Plaintiff fails to persuade the Court that the language of the forum selection clause does not make Knoxville the mandatory venue. Although Plaintiff claims that the relevant clause "does not expressly state that venue is exclusive," the Court sees no other way to interpret language that the parties "agree that venue shall be any court of competent jurisdiction in Knoxville, TN." (Pl.'s Opp'n at 7.) Plaintiff's contention that the clause fails to "even mention litigation as being the subject of the venue language" is equally unpersuasive. (*Id*.) The sentence is contained in a paragraph pertaining to the law that will govern the parties' agreement and states that venue "shall be any *court* of competent jurisdiction in Knoxville, TN." (Employment Agreement at 7 (emphasis added).) The choice of venue provision thus only makes sense in the context of litigation. Plaintiff complains that laying venue in Knoxville is inappropriate because neither party has any physical or economic presence in Knoxville and that Studsvik has unilaterally attempted to create an artificial venue. (Pl.'s Opp'n at 7.) This complaint misses the point of a forum selection clause – to select a forum in advance so that all parties know where litigation may ensue. Forum selection clauses are meaningless if parties can argue that they are invalid because the selected forum is improper. Additionally, Studsvik submitted a declaration from its Vice President of Sales and Marketing, William G. Webb, which explained that the Employment Agreement lays venue in Knoxville because "the closest federal court to Studsvik's corporate office, the U.S. District Court for the Eastern District of Tennessee, is located in Knoxville, Tennessee." (Webb Decl. ¶ 5.)

Plaintiff also points out that his Sales Consultant Agreement contains no such mandatory forum selection clause and thus, he contends, venue is proper in this District. If Plaintiff sued only under the Sales Consultant Agreement, he would be correct that no contractual provision would

7

prevent him from suing in the Eastern District of Pennsylvania.[1] But he elected to sue under both his Sales Consultant Agreement and his Employment Agreement, which does contain a binding forum selection clause.

### 2. Reasonableness of the forum selection clause

Forum selection clauses are prima facie valid and should be enforced unless the objecting party can show that the circumstances render enforcement unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause is unreasonable upon a "strong showing" that: (1) the forum selected is "so gravely difficult and inconvenient" that the party "will for all practical purposes be deprived of his day in court"; or (2) the clause was procured through "fraud or overreaching." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen*, 407 U.S. at 15, 18.) A forum selection clause should also be deemed unenforceable if enforcement would run counter to a strong public policy of the forum where the lawsuit was brought. *M/S Bremen*, 407 U.S. at 15.

#### a. Public policy

Plaintiff argues that enforcing the forum selection clause would violate Pennsylvania's public policy "to permit employees to maintain an action to collect unpaid wages in the courts of the

---

[1] The Court is not persuaded by Studsvik's argument that a merger and integration clause in the Employment Agreement terminated the Sales Consulting Agreement. (Reply Br. to Pl.'s Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, to Transfer Venue at 5-6.) The merger clause states that it constitutes the entire agreement between the parties "relating to the contemplated transactions or subject matter herein." (*Id*.) Such language does not clearly apply to the Sales Consulting Agreement. Additionally, the Sales Consulting Agreement was between Campanini and RACE, while the Employment Agreement was between Campanini and Studsvik. While Studsvik may have agreed to assume RACE's obligations when it acquired it, it does not follow that taking on those obligations extinguished the Sales Consulting Agreement. Although Campanini filed one lawsuit, this case involves two contracts.

8

Commonwealth, [ ] [a] right [that] cannot be waived by an employment agreement." (Pl.'s Opp'n at 4.)

The Court agrees that Pennsylvania has a strong interest in ensuring that its residents receive unpaid compensation that they are owed. Accordingly, Pennsylvania passed the WPCL as a means for employees to enforce payment of their wages and other compensation withheld by their employers. *Oberneder v. Link Computer Corp.*, 674 A.2d 720, 721 (Pa. Super. Ct. 1996). "[T]he primary goal of the WPCL is to make whole again, employees whose wages were wrongfully withheld by their employers." *Id*. at 722. Furthermore, as Plaintiff notes, the law states that "[n]o provision of [the WPCL] shall in any way be contravened or set aside by a private agreement." 43 PA. CONS. STAT. § 260.7.

Transferring this case to Tennessee does not contravene this important public policy. Although the Employment Agreement is governed by Tennessee law, this does not foreclose an action by Plaintiff under the WPCL. Nothing in the WPCL precludes federal courts outside of Pennsylvania from applying it; indeed, the law permits such actions to be maintained "in any court of competent jurisdiction." *Id*. § 260.9a(b). Numerous courts outside of Pennsylvania have applied the WPCL. *See, e.g.*, *Levy v. Verizon Info. Servs., Inc.*, 498 F. Supp. 2d 586, 602 (E.D.N.Y. 2007); *Healthcare Mgmt. and Inv. Holdings, LLC v. Feldman*, Civ. A. Nos. 03-0323 & 04-0883, 2006 WL 2660628, at **5-7 (N.D. Ohio Sept. 15, 2006); *Andrews v. CompUSA, Inc.*, Civ. A. Nos. 00-1368 & 00-1490, 2002 WL 265089, at *11 (N.D. Tex. Feb. 21, 2002). Additionally, a breach of contract claim in which an employment agreement must be construed in accordance with Tennessee law is not necessarily mutually exclusive with a claim brought under a Pennsylvania statutory scheme that permits employees to collect unpaid wages. *See Bowers v. Foto-Wear, Inc.*, Civ. A. No. 03-1137,

9

2007 WL 906417, at *12 (M.D. Pa. Mar. 22, 2007) (noting that choice of law provision limited to contractual dispute did not apply to statutory claims). Plaintiff may also be able to convince a court that the WPCL should apply notwithstanding the choice of law provision. *See Feldman*, 2006 WL 2660628, at *6 (holding that, in case transferred from Pennsylvania to Ohio, that WPCL precluded enforcement of choice of law provision). And were this action to remain in this Court, the Employment Agreement still requires Plaintiff to prove either that he is entitled to recover in accordance with Tennessee law and/or that Pennsylvania law prohibits enforcement of the choice of law provision – thus Plaintiff is in the same situation regardless of which court hears his claims.

### b. *Overreaching or fraud*

According to Campanini, after Studsvik acquired RACE, it insisted that he sign a new employment agreement, but failed to apprise him of the venue provision and did not permit him to negotiate the terms of the Employment Agreement; Campanini also signed the Employment Agreement without legal counsel. (Pl.'s Opp'n Ex. C [Campanini Decl.] ¶¶ 8-11.)

None of these facts, even if true, makes the forum selection clause unreasonable and hence unenforceable. A forum selection clause may be set aside on the basis of fraud only if "the inclusion of that clause in the contract was the product of fraud or coercion." *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 563 (D.N.J. 2000). The failure of Campanini to recognize that the Employment Agreement contained a forum selection clause or seek counsel prior to signing it does not gives rise to an inference of fraud or overreaching.

### c. *Campanini's day in court*

Campanini suggests that litigating in Knoxville, Tennessee will greatly increase the costs of this litigation and that he will suffer because it is doubtful that a judge in Tennessee would enforce

10

Case 3:09-cv-00201-TC-CCS   Document 8   Filed 04/06/09   Page 10 of 15   PageID #: 135

the WPCL. (Pl.'s Opp'n at 10.)

This Court has no doubt that if a Judge in Tennessee deems the WPCL applicable to Campanini's claims, he or she will fairly apply the law. As for increased costs, "[m]ere inconvenience or additional expense is not the test of unreasonableness . . . [i]f the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement." *Cent. Contracting Co. v. Md. Cas. Co.*, 367 F.2d 341, 344 (3d Cir. 1966) (quoting *Cent. Contracting Co. v. C.E. Youngdahl & Co.*, 209 A.2d 810 (Pa. 1965)).

Although litigating in Tennessee may increase costs, Campanini is far from deprived of his day in court. Plaintiff's counsel can likely be admitted to court in Tennessee for purposes of this litigation and, while he may have to travel to Tennessee should this case go to trial, it appears unlikely that Plaintiff will be forced to spend copious amounts of time there. This is largely a contract action that will rely on contract interpretation regardless of the forum in which it proceeds.

### C. The *Jumara* Factors

Although this Court holds that the forum selection clause is valid here, that does not end the matter. While the parties' agreement is entitled to "substantial consideration," the presence of a forum selection clause "should not receive dispositive weight." *Jumara*, 55 F.3d at 880 (citations omitted).

The Third Circuit Court of Appeals has enumerated both private and public factors to be evaluated that a district court must evaluate when considering a motion to transfer venue. *Id.* at 879-80 (3d Cir. 1995). The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties as

11

indicated by their relative physical and financial condition; (5) the convenience of the witnesses –
but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and
(6) the location of books and records – similarly limited to the extent that files could not be produced
in the alternative forum. *Id*. at 879. The public interest factors include: (1) the enforceability of the
judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive;
(3) the relative court congestion of the two fora; (4) the local interest in deciding local controversies
at home; (5) the public policies of the fora; and (6) the judges' familiarity with the applicable state
law. *Id*. at 879-80.

        *a.*      *The private factors*

While the plaintiff's choice of forum is usually afforded great deference, a valid forum selection clause overcomes a court's usual deference to the plaintiff's choice of forum because "a forum selection clause is . . . a manifestation of the parties' preferences as to a convenient forum." *Id*. at 880. Additionally, the Plaintiff's choice of forum factor is neutralized here by Defendant's contrary choice.

Studsvik further argues that the other private factors favor transfer because none of the claims arose in Pennsylvania and the only Pennsylvania witness is Campanini himself. The Complaint seeks to recover money allegedly due on two client accounts, one located in Connecticut and one located in Florida. It is true that neither of these plants is located in Pennsylvania, but it is also true that neither of these plants is located in Tennessee. Furthermore, this case is about Plaintiff's right to commissions, so the physical location of the plants is of minimal relevance. Plaintiff has brought a claim as a Pennsylvania resident seeking protection under a Pennsylvania law. Thus, a portion of his claims do arise out of his connection with Pennsylvania. Campanini, however, has not pointed

12

to any witnesses who could not testify or documents that could not be produced in Tennessee. Moreover, he asserts in his declaration that relevant witnesses and documents are located in Connecticut, Pennsylvania, Florida, and Tennessee. Still, the Court is not persuaded by Defendant's argument that transfer is warranted because the only Pennsylvania witness Plaintiff has named is himself – Plaintiff is, after all, a key witness. Nonetheless, because it appears that both witnesses and documents can appear and be produced in either forum, these factors favor neither party. However, Campanini's convenience given his location and financial strength relative to Studsvik counsels against transfer. In conclusion, some of the private factors do favor retention of the case, but the forum selection clause heavily favors transfer.

### b. *The public factors*

Defendant contends that judges in Tennessee will be better able to apply Tennessee law as demanded by the contracts at issue here, and that there is no "local interest" at stake. Plaintiff counters that while the familiarity of Tennessee judges with Tennessee law may weigh in favor of Defendant, this dispute is largely a factual one. Practically speaking, according to Plaintiff, Pennsylvania is a more convenient forum.

While a Tennessee judge will be more familiar with applying Tennessee contract law, a Pennsylvania judge will be more familiar with applying the WPCL. Pennsylvania has an interest in protecting employees in the Commonwealth and enforcing its public policy of ensuring that employers do not wrongfully withhold pay from their employees. Likewise, Tennessee has an interest in applying its contract law and enforcing agreements made by businesses operating in the State. Neither side has put forth any evidence that this case will move more quickly in either Pennsylvania or Tennessee or that a judgment will be more difficult to enforce in one location than

13

in the other.  Practical considerations slightly favor Plaintiff – Studsvik appears to be a large company that can easily continue this litigation in Pennsylvania.  However, the Court believes that Plaintiff, who apparently maintained accounts throughout the country and traveled regularly, has somewhat inflated the inconvenience he will suffer if he must litigate in Tennessee.  Nonetheless, the Employment Agreement states that Campanini was to be based at his place of residence and he will certainly face additional costs if forced to litigated outside of Pennsylvania.  Similar to the private factors, a weighing of the public factors tilts slightly towards Plaintiff.  Nonetheless, while certain *Jumara* factors weigh slightly in favor of Campanini they do not overcome the valid and enforceable forum selection clause here.

IV.     **CONCLUSION**

       Although the presence of a mandatory forum selection clause does not end the inquiry, it plays a significant role.  Here, Plaintiff has failed to sustain his burden of showing that the clause is unreasonable and thus unenforceable.  Although some of the *Jumara* factors favor Plaintiff, the Court holds that transfer is warranted under § 1404(a).  An appropriate Order follows.

14

Case 3:09-cv-00201-TC-CCS   Document 8   Filed 04/06/09   Page 14 of 15   PageID #: 139

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CAMPANINI, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STUDSVIK, INC., | : | No. 08-5910 |
| Defendant. | : | |

### ORDER

**AND NOW**, this **6th** day of **April**, **2009**, upon consideration of Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue, Plaintiff's response thereto, Defendant's reply thereon, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant's motion to file a reply brief (Document No. 7) is **GRANTED**.

2. Defendant's motion to dismiss, or in the alternative, to transfer venue (Document No. 4) is **GRANTED**.

3. This action is **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee, Northern Division.

4. The Clerk of Court is directed to close this case.

BY THE COURT:

/s/ Berle M. Schiller

**Berle M. Schiller, J.**